UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TATYANA EVGENIEVNA DREVALEVA,

*Plaintiff.*

v.

UNITED STATES OF AMERICA, *et al.*,

*Defendants.*

No. 24-cv-01023 (DLF)

**ORDER**

Tatyana Evgenievna Drevaleva, proceeding *pro se*, again brings this action challenging her termination from the Veterans Affairs New Mexico Healthcare System. She seeks review of a Merit Systems Protection Board (the "Board") decision dismissing her appeal. Before the Court are the defendants' Motion to Dismiss or for Summary Judgment, Dkt. 37, and twenty-six motions filed by Drevaleva.[1] For the following reasons, the Court will GRANT the defendants' motion, dismiss the complaint with prejudice, and DENY the plaintiff's motions as moot.[2]

The facts of this case and of Drevaleva's history of frivolous litigation are outlined in the Court's dismissal order in a previous case filed by this plaintiff. *See* Order, No. 22-cv-3453, Dkt. 2. Since then, Drevaleva has continued to file numerous cases and appeals.

As relevant here, Drevaleva appeals a Board decision dismissing her discrimination claim based on her termination. *Drevaleva v. Dep't of Veterans Affs.*, No. DE-0752-19-0097-I-1, 2019

---

[1] Motions for Reconsideration, Dkts. 19, 28, 45, 63, 68; Motions to Permit, Dkts. 24, 26; Motions for Leave to File, Dkts. 31, 33, 38, 40, 46, 49, 50, 51, 54, 56, 57, 62, 64; Motion to Stay, Dkt. 47; Motions for Extension of Time, Dkts. 36, 44; and Motions to Compel, Dkts. 52, 69, 70.

[2] Because the Court will grant the motion to dismiss, it need not consider the motion for summary judgment.

WL 1047674 (M.S.P.B. Feb. 26, 2019).  An administrative judge determined the Board lacked jurisdiction because Drevaleva was not an employee entitled to bring an appeal under 5 U.S.C. § 7511(a)(1)(C).  Drevaleva appealed to the Board, and the Board affirmed.  Compl. Ex. 1, Dkt. 1.

In the instant case, Drevaleva "is filing a Petition for Review of the February 01, 2024 Final Decision of the M.S.P.B."  Compl. ¶ 2.  She also "alleg[es] intentional discrimination against my sex/gender, against my desire to have a child, against my age 50 yo [sic] at the time of the intentional discriminatory action, and against my temporary disability."  *Id.*

To the extent Drevaleva purports to be raising her underlying discrimination claims, this Court has previously dismissed them as barred by res judicata and incorporates that reasoning here.  *See* Order at 2, No. 22-cv-3453 ("[I]t is patently obvious that Drevaleva's claims cannot prevail because they were already previously dismissed with prejudice by the District Court for the District of New Mexico.").

Drevaleva's only argument challenging the Board's dismissal for lack of jurisdiction is that the Board "clearly had jurisdiction over [her] case . . . because this case involves [] intentional discrimination."  Compl. ¶ 4.  But discrimination claims like Drevaleva's do not independently give the Board jurisdiction.  *See Cruz v. Dep't of Navy*, 934 F.2d 1240, 1245–46 (Fed. Cir. 1991) (en banc) (finding that "discriminatory acts in themselves [are not] agency actions appealable to the Board").  And the Board correctly determined it had no other basis to exercise jurisdiction.  Drevaleva was a probationary employee at the time of her firing.  *See Drevaleva v. Dep't of Veterans Affs.*, No. C 18-03748, 2019 WL 95446, at *1 (N.D. Cal. Jan. 3, 2019) (noting Drevaleva was "in the probationary period of her employment").  The Board does not have jurisdiction over probationary employees.  *See Castle v. Rubin*, 78 F.3d 654, 658 (D.C. Cir. 1996).  Thus, the Board correctly dismissed her appeal for lack of jurisdiction.

Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 37, is **GRANTED**. It is further

**ORDERED** that the plaintiff's Motions for Reconsideration, Dkts. 19, 28, 45, 63, 68; Motions to Permit, Dkts. 24, 26; Motions for Leave to File, Dkts. 31, 33, 38, 40, 46, 49, 50, 51, 54, 56, 57, 62, 64; Motion to Stay, Dkt. 47; Motions for Extension of Time, Dkts. 36, 44; and Motions to Compel, Dkts. 52, 69, 70, are **DENIED** as **MOOT**.

This is a final appealable order. The Clerk of Court is instructed to mail a copy of this Order to the plaintiff's address of record and close the case.

February 10, 2025

_____
DABNEY L. FRIEDRICH
United States District Judge